## West End Auto Wrecking Co. v. City of Pittsburgh

*John A. Metz*, for plaintiff.

*John M. Marshall*, for defendant.

KENNEDY, J., July 3, 1958.—In September of 1929, the Pittsburgh & Lake Erie Railroad Company, hereafter referred to as the railroad company, was the legal owner of a tract of land fronting West Carson Street, Pittsburgh. It was at this time that the railroad company and the City of Pittsburgh, hereafter referred to as the city, entered into an agreement, made formal by Ordinance No. 590, dated September 25, 1929, whereby the railroad company would dedicate

this land to the city in order for them to accomplish planned improvements of West Carson Street. Thereafter, on May 25, 1931, the city adopted Ordinance No. 266, which provided for the opening of West Carson Street to a uniform width by utilizing the property that the railroad company had agreed to dedicate.

Because it was not contemplated that work on the proposed improvement would start immediately, the railroad company leased the property to West End Auto Wreckers, Inc., a corporation engaged in the auto parts and wrecking business. The lease was for a five-year period, terminable on 30 days' notice by either party, did not permit subleasing without consent of lessor and allowed the lessee to remove any buildings that he might erect during the term of the lease. Through the years the lease was renewed and the lessee erected buildings, etc., all the time being aware of the fact that the lease could be terminated and the property used for a public highway.

The lease was again renewed in 1951, on the same basis. However, West End Auto Wreckers, Inc., sold its assets, and the new lessee was one of plaintiffs above captioned, viz., West End Auto Wrecking Company. Crown Armature Company, Inc., and Calig Iron and Steel, Inc., which in reality was the old West End Auto Wreckers, Inc., were sublessees of West End Auto Wrecking Company. Although consent for the subleasing was never obtained from the railroad company, it was tolerated.

In 1954 the city, in collaboration with the Commonwealth of Pennsylvania, decided to begin work on the West Carson Street project. Pursuant to its agreement with the city, the railroad company, on August 13, 1954, notified plaintiff that the lease dated July 13, 1951, would be terminated as of November 30, 1954. On November 10, 1954, the railroad company notified plaintiff West End Auto Wrecking Company

that the land leased to it was being deeded to the city without consideration, as per their agreement of 1929, supra. This plaintiff, however, did not vacate the premises and tendered a check to the railroad company for the next month's rent, which check was returned by the railroad company with the warning that continued occupation of the premises constituted a trespass. Thereafter, the city entered into an agreement with the Commonwealth of Pennsylvania as to the relocation of West Carson Street in conjunction with the Penn-Lincoln Parkway West. It was not until November 15, 1955, at which time plaintiff and tenants still occupied the premises without paying rent and had made no effort to remove their buildings, that the Governor of the Commonwealth approved the plans and shortly thereafter the land in question was used to accomplish the desired improvements. Plaintiff and its lessees filed viewers proceedings against the city for the condemnation of its leasehold interest. The board of viewers found that any loss suffered by claimants was not legally compensable. An appeal was taken from this finding and upon trial a compulsory nonsuit was granted. Plaintiff now seeks to have the compulsory nonsuit removed.

In ruling on a motion to remove a compulsory nonsuit, plaintiff is entitled to have the evidence viewed in the light most favorable to him, together with every reasonable inference therefrom. The evidence clearly indicated that plaintiff had occupied the property under a lease from the railroad company and by the terms of the lease it could be terminated on 30 days' notice by either party. The railroad company terminated the lease giving three and one-half months' notice and told plaintiff what was about to take place. Therefore, any rights that plaintiff had would be derived from or through their immediate lessor, the railroad company.

The railroad company had a perfect right to terminate the lease, their motives or motivation being entirely immaterial, and in turn the lessee then had the right to remove its buildings if it and its subtenants so desired. The record indicates that plaintiff not only occupied the premises for one year after termination of its lease and after the property had been deeded to the city, but paid no rent whatever during this period nor made any effort to remove their buildings or to, in any way, minimize any damage that they might suffer.

Plaintiff's contention that their leasehold interest was condemned is wholly without merit since their lease with the railroad company had been terminated and the property belonged to the city, with whom they had no lease, at the time of the alleged taking. The fact that the city on February 4, 1955, passed an ordinance repealing Ordinance No. 266, dated May 25, 1931, providing for the opening of West Carson Street, does not improve plaintiff's contention it and its subtenants had leasehold interests in the property when the Commonwealth and the city took physical possession of it.

It is clear that plaintiff was merely a trespasser and there was no question for a jury to determine. The nonsuit was correctly entered.

In respect to the Calig Iron and Steel, Inc., and Crown Armature Company, Inc., sublessees of plaintiff, it is significant that plaintiff had no right to sublease without written consent of the railroad company. This consent was never granted and the fact that the railroad company tolerated it does not afford these claimants any benefit here. The sublessees have no greater rights in this case than their lessor, who had no claim against the railroad company, nor any lease with defendant city.

A compulsory nonsuit is properly entered in a clear case. It is the opinion of this court that the nonsuit was proper and accordingly will not be removed.

*Order*

And now, July 3, 1958, the motion ex parte West End Auto Wrecking Company, plaintiff, to take off the judgment of compulsory nonsuit and order a retrial is hereby refused and dismissed.